**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ROBERT JAMES SWINT,**

**Plaintiff,**

**Civil Action No. 5:26-cv-00482**

**v.**

**FOX 12 NEWS,**

**Defendant.**

# PROPOSED FINDINGS AND RECOMMENDATION

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2) On July 27, 2026, the Plaintiff, acting *pro se*, filed a "Complaint" (ECF No. 1) without paying the filing fee. The undersigned issued an Order and Notice to the Plaintiff to either pay the filing fee in full or to file a property completed Application to Proceed Without Prepayment of Fees and Costs no later than August 14, 2026. (ECF No. 3) Additionally, the undersigned warned the Plaintiff that failure to comply with the directives set forth in the Order and Notice will result in a recommendation of dismissal without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure1 and Rule 41.1 of the

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Local Rules of Civil Procedure for the Southern District of West Virginia[2] (Id.). To date, the Plaintiff has not paid the filing fee or submitted a properly completed Application, and there is no suggestion from the docket sheet that the Plaintiff did not receive this Court's Order and Notice. Therefore, this case should be dismissed.

**Discussion**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, the undersigned observes that District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010) ("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.' ") (quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)).

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,

[2] Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than the Plaintiff is responsible for his failure to comply with the Order and Notice as directed.

In consideration of the second and third factors, the record suggests that the Plaintiff has a history of "deliberately proceeding in a dilatory fashion": in addition to failing to comply with this Court's Order and Notice, he also failed to comply with the undersigned's Order and Notice issued in another action he filed with this Court contemporaneously with the instant matter.[3] This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, *4 (S.D.W. Va. Aug. 14, 2014) (Johnston, J.) ("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff."). In short, due to the Plaintiff's inaction in this case to timely pay the filing fee or file an Application as directed, the undersigned finds that the Court being deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits. Thus, the

[3] See *Robert James Swint v. N.W.R.R.C.*, civil action number 1:26-cv-00480. The undersigned observes that this Plaintiff filed an action in 2021, wherein the Court issued an Order and Notice to either pay the filing fee or file a properly completed Application. See *Robert James Swint v. Robert R. Redfield, et al.*, civil action number 2:21-cv-00372. Although the Plaintiff complied with the Court's instructions then, it is notable that the Plaintiff's appeal from this Court's final Order was dismissed by the Fourth Circuit Court of Appeals for failure to prosecute. *Id.*; ECF No. 15.

undersigned finds these factors weigh against the Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly. The particular circumstances of this case do not warrant a lesser sanction – as stated *supra*, the Plaintiff filed a complaint without paying the filing fee, and failed to timely pay same, or to file an Application as instructed. An assessment of fines, costs, or damages against the Plaintiff would be unjust in view of the Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of the Plaintiff's failure to respond to this Court's prior warning(s). In consideration of all factors, the undersigned also concludes that dismissal for failure to prosecute is warranted.

Accordingly, the undersigned recommends that this action be dismissed, unless the Plaintiff is able to show good cause for failure to prosecute this action.[4]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DISMISS** this action from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

[4] The undersigned further observes that in the 2021 matter, *supra*, United States Magistrate Judge Dwane L. Tinsley noted in his Proposed Findings and Recommendation ("PFR") that this Plaintiff had filed numerous actions across the country with "similarly nonsensical allegations" *Id.*; ECF No. 6 at 1-2; the PFR was adopted by United States Judge Thomas E. Johnston. *Id.*; ECF No. 8. The undersigned notes that in the matter at bar, and in the other action this Plaintiff filed on the same day, *supra*, the Plaintiff has again filed actions with "nonsensical allegations".

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*.

**ENTER**: August 24, 2026.

Omar J. Aboulhosn
United States Magistrate Judge